The defendant appeals from the denial of his motion to withdraw his 2013 guilty plea to kidnapping.[2] He claims that he received ineffective assistance of counsel regarding the immigration effects of pleading guilty because he was given inaccurate advice -- that is, he was advised that a conviction for kidnapping would not render him ineligible for asylum. Because on the record before us an evidentiary hearing is necessary to elucidate the affidavit of plea counsel that was submitted with the motion, we vacate the order denying the defendant's motion, and remand to Superior Court for an evidentiary hearing.
Background. On November 13, 2013, the defendant pleaded guilty to kidnapping and assault and battery. The facts recited at the plea hearing showed that on July 24, 2012, the defendant and his sister saw his sister's husband kissing a waitress (the victim) on live surveillance footage from the restaurant his sister's husband owned. They were able to observe the restaurant through an online connection to the surveillance system on the defendant's home computer. Upon seeing this indiscretion, the defendant immediately drove to the restaurant and confronted the victim. He demanded that she get in his car and after she complied, he got in and began to drive to where her husband worked. En route, the defendant struck the victim in the face several times and when the defendant refused to let her out of the car, she jumped out of the moving vehicle, suffering injuries as a result.
The prosecutor told the judge that the Commonwealth was recommending a sentence of probation because the victim did not want to testify, the defendant had no record, and because the defendant "[stood] a very good chance of being deported back to China"; "given his immigration status[,] [h]e's probably more to fear from them then [sic] he would on a state prison." The judge accepted the plea after conducting a lengthy colloquy that included advising the defendant that upon conviction, he will "practically automatically be deported ... that your deportation is practically automatic or inevitable." The defendant acknowledged that he understood. The judge imposed a sentence of two years of probation.
The defendant is a Chinese citizen and at the time of the plea hearing was lawfully in this country awaiting a decision on his asylum application. At the plea hearing, a Mandarin interpreter translated the proceedings and plea counsel indicated that he had had some difficulty communicating with his client but that he had been able to do so using the interpreter and relatives. After the defendant was convicted of kidnapping and assault and battery, information related to these charges was added to his asylum application. In a "Notice of Decision" (decision) dated December 15, 2016, the defendant's application was denied by the United States Citizenship and Immigration Services (USCIS).
On February 1, 2017, the defendant moved to withdraw his guilty plea to kidnapping, arguing that plea counsel was ineffective because he failed to advise the defendant that a conviction on that charge would make him ineligible for asylum. Attached to the motion was an affidavit from plea counsel that stated,
"I consulted with attorneys at Joyce & Associates in regards to the immigration consequences of [the defendant's] criminal charges. I understood and explained to [the defendant] that a conviction for kidnapping would render him deportable but understood that he would remain eligible for asylum. Had I believed that this plea would make [the defendant] ineligible for asylum, I would have informed [the defendant] of this prior to any plea during our discussions of the case." (Emphasis added).[3]
The judge held a hearing on the defendant's motion, but it was limited to the affidavits and no testimony was adduced. At the hearing the defendant's counsel pressed his point that the kidnapping conviction barred the defendant's application for asylum, because kidnapping is a "particularly serious crime" under the relevant Federal statute. See 8 U.S.C. § 1158(a)(1) & (b)(2)(A)(ii). He argued that plea counsel should have told the defendant that if he pleaded guilty to kidnapping he would not be eligible for asylum.
The motion judge denied the motion. His fundamental reasoning was that plea counsel's advice -- that the defendant would "remain eligible for asylum" -- was not incorrect, because the kidnapping conviction did not render the defendant "categorically ineligible." Relying on the decision on the defendant's asylum application issued by the USCIS, the judge reasoned as follows:
"Given that [USCIS] did not treat the kidnapping conviction as conclusive by itself, but looked to the underlying facts and circumstances and considered the probationary sentence, [the defendant] retained the ability to argue for eligibility based on the facts, with some support from the probationary sentence. He did not become ineligible for asylum by reason of the guilty plea. He became ineligible when the arguments he had retained failed to convince [USCIS]. 'Ultimately unsuccessful' and categorically 'ineligible' are not the same thing."
The judge accordingly ruled that "it appears that plea counsel advised his client appropriately regarding immigration consequences," and he rejected the defendant's claim that counsel's advice fell measurably below that which might be expected from an ordinary fallible lawyer.
Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). Pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), a motion judge "may grant a motion for a new trial [at] any time [if] it appears that justice may not have been done" and the decision "is thus committed to the sound discretion of the judge." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). "A defendant bears the burden of proof on a motion for a new trial, and a judge is entitled to discredit affidavits he or she does not find credible." Commonwealth v. Marinho, 464 Mass. 115, 123 (2013) (citation omitted). See Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451 (2015).
The defendant argues on appeal that in accordance with Padilla v. Kentucky, 559 U.S. 356 (2010), his plea attorney was ineffective when he advised the defendant that he would "remain eligible" for asylum after pleading guilty to kidnapping when, according to the defendant, a conviction for kidnapping either barred his asylum application, or rendered it extremely unlikely to be granted.
The relevant law with respect to asylum applications is not straightforward, and was the subject of much discussion before the judge. Applications for asylum are governed by 8 U.S.C. § 1158. The statute provides that where the Attorney General determines that "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States," asylum shall not be available. 8 U.S.C. § 1158(b)(2)(A)(ii). Any crime of violence for which the term of imprisonment is at least one year constitutes an aggravated felony, 8 U.S.C. § 1101(a)(43)(F), and is automatically considered a particularly serious crime. 8 U.S.C. § 1158(b)(2)(B)(i). Because the defendant was not sentenced to a term of imprisonment, his kidnapping conviction did not constitute an aggravated felony; the kidnapping conviction could, however, still qualify as a "particularly serious crime." "Particularly serious crime" is not further defined in the statute, but has been interpreted to be subject to case-by-case adjudication of individual asylum applications by the Attorney General, based on "the nature of the conviction, the underlying facts and the circumstances and the sentence imposed." Delgado v. Holder, 648 F.3d 1095, 1098, 1105-1107 (9th Cir. 2011). Accordingly, whether a conviction that is not an aggravated felony is nonetheless a particularly serious crime is determined case by case, and cannot be definitively determined in advance.
The judge correctly set forth the above asylum law, but we cannot agree with his conclusion, on this record, that plea counsel's advice was accordingly accurate. Plea counsel averred that he told the defendant that despite a kidnapping conviction, the defendant would "remain eligible" for asylum. We find this statement ambiguous,[4] particularly in light of the clear importance the defendant placed on maintaining his ability to obtain asylum. On the one hand, the single statement by plea counsel that the defendant "remain[s] eligible for asylum" -- if that is the totality of what was said -- seems to us misleading to the point of inaccuracy, given authorities that were available to plea counsel at the time. For example, the opinion in Choeum v. Immigration & Naturalization Serv., 129 F.3d 29, 35-36 (1st Cir. 1997), indicates that a kidnapping conviction may well amount to a particularly serious crime. On the other hand, given plea counsel's obvious understanding of the nuances of the applicable Federal statutes, it seems unlikely that "remain[s] eligible" was the sum total of the advice he gave to his client.[5] If additional advice was given, then in context the statement may well have been appropriate. There is no means to resolve the issue on this record, however, since further evidence is needed as to whether counsel said anything else to the defendant on the subject.
Padilla, 559 U.S. at 360, 374, established the importance of providing a noncitizen with competent advice regarding the effect of a guilty plea on their deportation status. See also Commonwealth v. Lavrinenko, 473 Mass. 42, 52-54 (2015). Here, the affidavit setting out plea counsel's statement to his client raises a substantial issue concerning the adequacy of that advice, on a matter of significance. See Commonwealth v. Philyaw, 55 Mass. App. Ct. 730, 735-739 (2002). As such, an evidentiary hearing should have been held regarding the details of what the defendant was advised by counsel. See Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004) (if substantial issue is raised by motion or affidavits, evidentiary hearing should be held); Commonwealth v. Cano, 87 Mass. App. Ct. 238, 240 (2015) (same). At the hearing, the defendant now will need to go beyond the statements in the various affidavits to carry his burden.[6]
The order denying the motion to withdraw guilty plea is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Vacated; remanded.

The defendant does not challenge his guilty plea to assault and battery entered in the same proceeding.

The defendant also submitted an affidavit that read in part,
"[Plea counsel] told me that the case could make me deportable from the United States but that my pleading guilty would not affect my already submitted asylum application.... [He] assured me that I should take the Commonwealth's offer and that it would not make me ineligible for asylum. Had [plea counsel] told me that a plea to kidnapping would guarantee my ineligibility for asylum, I would have insisted that we proceed to trial and face a sentence of committed time if I were convicted." (Emphasis added).

As to ambiguity, we note that the conclusion of the USCIS decision was that the defendant was "ineligible" for asylum status.

The record shows that plea counsel negotiated an agreement that would avoid the defendant's conviction of kidnapping from being categorized as an aggravated felony, by obtaining an agreement that involved only a probation sentence. The record also shows that plea counsel consulted with immigration counsel. Having so crafted the agreement, common sense suggests that plea counsel's conversation with his client addressed at least some of the nuances of the Federal law.

The Commonwealth argues that even if plea counsel's advice was inaccurate, the defendant failed to meet the "prejudice" prong of the Saferian test. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Because we are remanding for a hearing as to what advice was given, we do not address the issue, and express no opinion on it.